UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELTON LOVE, JR., <br><br> Plaintiff, <br><br> v. <br><br> JEFF MACOMBER, KATHLEEN ALLISON, TRACY JOHNSON, RICK M. HILL, T. JOHNSON, J. HECKMAN, D. HARRIS, O. DAVIS, C. HOUGH, E. MEJIA, K. O'CONNOR, R. BARTON, J. GELEIN, R. ROGERS, C. O'HAGAN, R. VIERA, M. STRAND, M. MARTINEZ-LUCATERO, G. WATERHOUSE, E. AGUILAR, B. BICK, J. STILWELL, and Does 1 thru 100. <br><br> Defendants. | No. 2:23-cv-00790-DJC-EFB <br><br> **ORDER DENYING PLAINTIFF'S *EX PARTE* EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiff, a state prisoner proceeding through counsel, moves this Court on an *ex parte* basis for a Temporary Restraining Order ("TRO") and Preliminary Injunction enjoining Defendants from transferring Plaintiff to a Non-Designated Programming Facility ("NDPF") pending final judgment in this matter ("Motion"). (Mot. (ECF No. 3) at 1.) For the reasons set forth below, Plaintiff's Motion is DENIED.

1

## I.  Background

Plaintiff filed a complaint in this matter on April 27, 2023, alleging Defendants, employees of the State of California Department of Corrections and Rehabilitation, are attempting, either willfully or negligently, to enforce an "underground regulation" by requiring Plaintiff to transfer to a NDPF; the complaint claims various constitutional and state law violations that have allegedly been caused by the attempted enforcement. (Compl. (ECF No. 1) at 5–9.) Plaintiff filed this Motion simultaneously claiming that he would suffer irreparable injury if enforcement of the "underground regulation" were permitted as Plaintiff, who is a documented Crip gang member, would be transferred to a NDPF which houses "debriefed"[1] Crip gang members who may view Plaintiff as a threat and assault him. (Mot. at 2; Decl. of Felton Love, Jr. ("Love Decl.") (ECF No. 3-1) at 2.) Plaintiff also argues there is a substantial likelihood he will establish at trial that Defendants are acting with deliberate indifference to his Eighth Amendment right to be free from dangerous conditions and attacks from other inmates, that granting the Motion will serve the public interest, and that any harm to Defendants is outweighed by the injury threatened to Plaintiff.[2] (Mot. at 2.)

Plaintiff previously filed a complaint and motion for TRO and preliminary injunction before Judge Nunley in this district based on the same underlying set of facts and alleging the same constitutional and state law violations. *See Love v. Hill*, No. 2:22-cv-01233-TLN-AC, 2022 WL 17722351, at *1 (E.D. Cal. Dec. 15, 2022). Plaintiff's motion was denied, and the court ruled the complaint failed to state a claim for relief, granting leave to amend. *Id.* Plaintiff's subsequent first amended complaint was dismissed without leave to amend for failure to state a claim, and Plaintiff's

---

[1] "Debriefed" gang members are those who "have snitched on the gang to the police and in exchange [] have received their own yard and privileges." (Love Decl. at 2.)

[2] The Court notes that Plaintiff references attached declarations, exhibits, and a memorandum of law which will allegedly support these arguments. (Mot. at 2.) No exhibits or memorandum of law have been filed with this Motion, which is supported solely by Plaintiff's declaration.

request to amend the complaint a second time was denied because "Plaintiff's proposed second amended complaint fail[ed] to state a claim for relief for the reasons already articulated by the magistrate judge in screening the original and first amended complaints." *Love v. Hill*, No. 2:22-cv-01233-TLN-AC, 2023 WL 1823896, at *1–2 (E.D. Cal. Feb. 8, 2023).

## II. Analysis

As an initial matter, Plaintiff has failed to comply with Federal Rule of Civil Procedure 65(b)(1)(B), which requires counsel to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." No such certification was included with Plaintiff's Motion.[3]

Even if the Court were inclined to consider the request on the merits, res judicata principles and deficient showings of harm require dismissal. The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction, requiring that the party seeking relief show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tip in the movant's favor; and (4) that an injunction is in the public interest. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the standards for a preliminary injunction and a TRO are "substantially identical").

Res judicata (claim preclusion) principles preclude Plaintiff from bringing claims based on the same facts that have been the subject of a prior final judgment on the merits. To establish claim preclusion the following is considered: (1) an identity of claims between the two cases; (2) the existence of a final judgment on the merits; and

---

[3] The Court notes that Plaintiff has also failed to meet the requirements of Local Rule 231 by neglecting to file (i) a brief on all relevant legal issues presented in the Motion and (ii) a proposed order with a provision for a bond and notice to Defendants of their right to apply to the Court for modification or dissolution of the order on two days' notice. L.R. 231; *see also* L.R. 151; Fed. R. Civ. P. 65(b).

(3) identity or privity of the parties.  See *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010).  Determining whether there is an identity of claims involves consideration of four factors: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.  See *ProShipLine, Inc. v. Aspen Infrastructures, Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010).  Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together.  *Id.*  Reliance on the first factor to dispose of this issue is especially appropriate because the factor is "outcome determinative." *Id.*

Plaintiff's current claims and the claims at issue in No. 2:22-cv-01233-TLN-AC all arise from the same transactional nucleus of facts: enforcement of an "underground regulation" by Defendants resulting in Plaintiff being transferred to a NDPF where he claims he will be harmed by fellow inmates. (*Compare* Compl. at 6–9; First Amended Complaint at 2–4, *Love v. Hill*, No. 2:22-cv-01233-TLN-AC, ECF No. 15.)  Plaintiff's prior claims resulted in a final judgment against Plaintiff.  *Love*, 2023 WL 1823896, at *1–2. Further, the parties to this action are the same as in No. 2:22-cv-01233-TLN-AC, with the exception of one additional Defendant, Defendant Macomber.[4]  Accordingly, the Court finds each factor in the claim preclusion analysis, and each sub-factor regarding

---

[4] Although Defendant Macomber was not a party to the prior action, No. 2:22-cv-01233-TLN-AC, he is likely in privity with the defendants in that action (who are also Defendants here) given that he is the new Secretary of the California Department of Corrections and Rehabilitation, and the former Secretary, Defendant Allison, was a named defendant in the prior action and remains a Defendant in this action. Generally, the Ninth Circuit has held that "when two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993).  Thus, res judicata likely applies to the claims against Defendant Macomber as well.

the identity of claims, satisfied.  Because Plaintiff's current case will likely be dismissed on res judicata principles, it is unlikely to be successful on the merits.

Further, the propriety of a request for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature.  *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."). Although Plaintiff claims that his life will be in danger if he is transferred to a NDPF, he fails to provide evidence that he is in fact set to be transferred.  *See id*. at 674 ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").  At most, Plaintiff's declaration states that transfer to a NDPF was discussed by a classification committee on September 22, 2022 but does not state the outcome of that discussion.  (Love Decl. at 2.)  Plaintiff also states that although Defendant Mejia told him that he was being transferred to a NDPF, upon arriving at receiving and handling Plaintiff was told that there was no transfer order and was directed to go back to his building.  (*Id*. at 2–3.)  Thus, it does not appear that there is an order for Plaintiff's transfer to a NDPF or that he is in any danger of being transferred absent such an order.  Plaintiff's allegation that Defendant Viera has been harassing him and attempting to force him to transfer to a NDPF does nothing to change this conclusion.  (*Id*. at 3.)  Moreover, even if Plaintiff has been approved for transfer to a NDPF, his evidence that receiving institution houses former members of his gang, which is the group he identifies as posing a threat to his safety, is conclusory at best.[5]  (*Id*. at 2–3.)  Thus, Plaintiff has failed to demonstrate immediate irreparable injury.

---

[5] While Plaintiff states that Defendants are attempting to "force [him to] transfer immediately to an NDPF yard, where known enemies of mine are house [sic], and where my life will be in danger," Plaintiff does not state which facility he believes he is being transferred to, or the basis for his belief that facility houses former Crip members.  (Love Decl. at 2–3.)

5

Since Plaintiff has failed to demonstrate a likelihood of success on the merits or irreparable harm, the Court need not address the balance of equities and public interest factors.  See, e.g., ET Trading, Ltd. v. ClearPlex Direct, LLC, No. 15-CV-00426-LHK, 2015 WL 913911, at *3 (N.D. Cal. Mar. 2, 2015) ("The Court need not address all of the Winter factors because the Court finds that Plaintiff has failed to carry its burden of demonstrating that it would be irreparably harmed absent a temporary restraining order."); Pom Wonderful LLC v. Pur Bevs. LLC, No. CV 13-06917-MMM (CWx), 2015 WL 10433693, at *18 n. 97 (C.D. Cal. Aug. 6, 2015) ("Because Pom Wonderful has failed to establish a likelihood of irreparable harm, the court need not consider the balance of hardships or the public interest.").  In any event, while Plaintiff argues that granting the Motion will serve the public interest, and that any harm to Defendant is outweighed by the injury threatened to Plaintiff, neither piece of evidence Plaintiff cites to support these claims (a "Declaration by Kim McGill" and "Exhibit 'B'") is attached.  (Mot. at 2.)

## III.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED Plaintiff's Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction is DENIED.  This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:  **May 1, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE