UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELTON LOVE, JR., | No. 2:23-cv-00790-DJC-EFB |
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, KATHLEEN ALLISON, TRACY JOHNSON, RICK M. HILL, T. JOHNSON, J. HECKMAN, D. HARRIS, O. DAVIS, C. HOUGH, E. MEJIA, K. O'CONNOR, R. BARTON, J. GELEIN, R. ROGERS, C. O'HAGAN, R. VIERA, M. STRAND, M. MARTINEZ-LUCATERO, G. WATERHOUSE, E. AGUILAR, B. BICK, J. STILWELL, and Does 1 thru 100. | |
| Defendants. | |

Plaintiff is a state prisoner represented by counsel proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is an Affidavit entitled "Affidavit That the Judge Before Whom the Matter is Pending Has a Personal Bias or Prejudice Either Against Him or in Favor of Any Adverse Party." (ECF No. 8.) For the reasons set forth below, the undersigned declines to recuse himself from this action.

### I.  Legal Standards

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  28 U.S.C. § 144; *see also Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008), abrogated on other grounds in *Simmons v. Himmelreich*, 578 U.S. 621 (2016).  Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).  Generally speaking, "the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance."  *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986).

A judge must disqualify himself if "his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).  However, the bias must arise "from an extrajudicial source" and cannot be based solely on information gained during the proceedings.  *Pesnell*, 543 F.3d at 1043–44.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Id.* at 1044 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.* (quoting *Liteky*, 510 U.S. at 555).  "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration."  *Id.* (quoting *Liteky*, 510 U.S. at 555–56).  Further, judicial

1 rulings alone "can only in the rarest circumstances evidence the degree of favoritism
2 or antagonism required" for a finding of bias or partiality.  *Liteky*, 510 U.S. at 555.
3 　　　The objective test for determining whether recusal is required is whether a
4 reasonable person with knowledge of all the facts would conclude that the judge's
5 impartiality might reasonably be questioned.  *United States v. Johnson*, 610 F.3d
6 1138, 1147 (9th Cir. 2010) (quotation marks and citation omitted).  "Adverse findings
7 do not equate to bias."  *Id.* at 1148.

8 **II.　　Analysis**

9 　　　Plaintiff's present Affidavit to recuse is substantively insufficient under Section
10 144.  Through counsel, Plaintiff alleges that the undersigned is biased against the
11 Plaintiff based solely on the fact that the undersigned was employed by the California
12 Department of Justice between 2008 and 2013 and by the Office of Governor Jerry
13 Brown (who is not party to this action) between 2013 and 2018.  (ECF No. 8 at 2.)
14 Plaintiff also claims, with absolutely no evidentiary support, that the undersigned is
15 "aiding his colleagues at the California Department of Justice to prevent plaintiff's
16 claims from being heard as a reward for their helping him be appointed as federal
17 judge just two months ago, in February 2023."  (*Id.*)  Plaintiff argues this Court's denial
18 of Plaintiff's Motion for Temporary Restraining Order indicates he has a "personal bias
19 or prejudice either against this plaintiff or in favor of any adverse party, particularly his
20 former employer, the California Department of Justice . . . ."  (*Id.* at 3–4.)
21 　　　To the extent that Plaintiff claims that this Court's denial of Plaintiff's prior
22 motion is basis for a recusal, these allegations are insufficient.  *Liteky*, 510 U.S. at 555.
23 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality
24 motion.").  Similarly, claims that the Court's prior employment causes the undersigned
25 to be biased against the Plaintiff are similarly insufficient.  *See Onwuka v. Lynch*, No.
26 8:22-cv-00287-FWS-JC, 2022 WL 16859967, at *3 (C.D. Cal. Sept. 8, 2022) ("General
27 allegations regarding the court's former employment or professional relationships are
28

insufficient to warrant recusal."); *Rhodes v. Pfeiffer*, No. 14-cv-7687-JGB, 2018 WL 8058371, at *2 (C.D. Cal. Sept. 14, 2018) ("[District Judge's] former employment is not a sufficient basis for recusal."); *Arnell v. McAdam*, No. 07-cv-0743-LAB-RBB, 2007 WL 2021826, at *2 (S.D. Cal. July 10, 2007) (The mere fact of a Judge's prior employment does not require recusal).  The remainder of Plaintiff's claims are unfounded theories and accusations based solely on the undersigned's prior employment and denial of Plaintiff's previous motion.

Accordingly, the Court concludes no "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Johnson*, 610 F.3d at 1147.  As such, Plaintiff's affidavit is legally insufficient and recusal under 28 U.S.C. § 144 is not warranted.

In accordance with the above, the undersigned declines to recuse himself pursuant to 28 U.S.C. § 144.  This matter is referred back to the Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated: __May 10, 2023__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4–love23cv00790.recuse