UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELTON LOVE, JR., | No. 2:23-cv-00790-DJC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel in this action brought pursuant to 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Requirement

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

<u>Screening Order</u>

The complaint (ECF No. 1) alleges that a group of twenty-two defendants has tried to force plaintiff to transfer to a Non(minus) Designated Programming Facility (NDPF) pursuant to an underground regulation where plaintiff's life would be put in danger because of known enemies. These twenty-two defendants have also allegedly issued plaintiff rules violation reports for refusing housing and punished plaintiff for his refusal by placing plaintiff in solitary confinement for 120 days. The named defendants include Jeff Macomber, Kathleen Allison, Tracy Johnson, Rick M. Hill, T. Johnson, J. Heckman, D. Harris, O. Davis, C. Hough, E. Mejia, K. O'Connor, R. Barton, J. Gelein, R. Rogers, C. O'Hagan, R. Viera, M. Strand, M. Martinez-Lucatero, G. Waterhouse, E. Aguilar, B. Bick, and J. Stilwell.

This is not the first time plaintiff has attempted to litigate these claims against these defendants. In *Love v. Hill*, No. 2:22-cv-01233-TLN-AC (E.D. Cal.), plaintiff filed a complaint in this court making substantially the same allegations against twenty of the same twenty-two defendants. That case was dismissed for failure to state a claim on February 8, 2023. *See Love*, ECF No. 19. Not only must the court screen this complaint, but the court has an interest in preventing repetitive litigation. Thus, the court raises the issue of res judicata *sua sponte* at this screening stage.

> While res judicata is a defense which can be waived, *see* Fed. Rule Civ. Proc. 8(c), if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*United States v. Sioux Nation of Indians*, 448 U.S. 371, 432, Rehnquist, J., dissenting (internal citations omitted); *see also Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 329-30 (9th Cir. 1995) ("we have the ability to. . . raise the res judicata issue *sua sponte*").

/////

The doctrine of res judicata bars the re-litigation of "any claims that were raised or could have been raised" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Id.* The doctrine of res judicata applies to section 1983 actions. *See Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 788 n.9 (9th Cir. 1986).

  A. <u>Identity of Claims</u>

  "Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). "The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Id.* at 1077-78. "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought. *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987).

  The claims asserted here are substantially identical to those asserted in the prior case. As noted, this action alleges that defendants are forcing plaintiff to transfer to a NDPF or risk punishment for his refusal. In addition to alleged violations of the First, Fifth, Eighth and Fourteenth Amendments pursuant to § 1983, the complaint alleges violations of California Government Code § 19572 and Penal Code § 147, as well as the tort of negligence. *See* ECF No. 1. Plaintiff's prior action was premised on the same factual contentions and raised the same claims for relief. *See Love*, ECF No. 15 (First Amended Complaint) (alleging that defendants "force[d] [plaintiff] to obey an unground[sic] regulation to transfer to an NDPF facility that would endanger his life, or [ ] punish[ed] him when he refused the transfer" and asserting violations of the First, Fifth, Eighth and Fourteenth Amendments, California Government Code § 19572 and Penal Code § 147, and repeatedly alleging a "negligent breach of duty"). There is no

question that the claims raised in this action arise from the same transactional nucleus of facts as those raised in the prior action.

B. Final Judgment on the Merits

Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (*superseded by statute on other grounds*) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).  The prior action, which was dismissed for failure to state a claim upon which relief could be granted, operates as a final judgment on the merits.  *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal... - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.").

C. Privity Between Parties

For *res judicata* purposes, privity "is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997).  "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081-82 (9th Cir. 2003).  "Even when the parties are not identical, privity may exist if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Id*. at 1081 (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983).

The prior action named twenty of the twenty-two defendants named in this action in both their individual and official capacities.  The two additional defendants named in this action are CDCR Secretary Jeff Macomber and Folsom State Prison Warden Tracy Johnson.  These defendants, to the extent they are named in their official capacities,[1] are in privity with former CDCR Secretary Kathleen Allison and former Folsom State Prison Warden Rick Hill, both of whom were named in the prior action.  *See Love*, ECF No. 15 (First Amended Complaint) at 1.  Indeed, "the fact that the parties are not precisely identical is not necessarily fatal [to res judicata

---

[1] The complaint is silent as to whether defendants are being sued in their individual or official capacities.  *See* ECF No. 1.

4

preclusion]... [i]dentity of parties is not a mere matter of form, but of substance." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 403 (1940).  For example, "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Id.*  Thus, it is sufficient that these parties are both representatives of CDCR and/or Folsom State Prison.

The court notes, however, that res judicata does not apply where the parties in the two suits are sued in different capacities.[2]  As noted, the complaint is silent as to whether plaintiff is suing defendants in their individual or official capacities.  But since plaintiff seeks damages against defendants Macomber and Johnson, it is fair to say that plaintiff intends to sue them in their individual capacities.  *See* ECF No. 1 at 10; *Adler v. Lewis*, 675 F.2d 1085, 1098 (9th Cir. 1982) ("State officials must be sued in their individual capacity in an action for monetary damages.").  Thus, to the extent plaintiff is suing defendants Macomber and Johnson in their individual capacities, res judicata does not apply.  *See Andrews v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000) (finding that a government official sued in his official capacity does not represent the same legal right as he does in his individual capacity and res judicata will not apply); *Mitchell v. Chapman*, 343 F.3d 811, 823 (6th Cir. 2003) ("The rule of differing capacities generally operates to allow a subsequent individual capacity suit against a governmental official even where a prior suit alleged an official capacity claim against the same official.").  Individual liability, however, depends on personal participation in the alleged deprivation of rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff has not alleged how defendants Macomber and Johnson

---

[2] This principle was explained in *Andrews. v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000):

> Because the real party in interest in an official-capacity suit is the entity, a plaintiff can only recover damages from the entity itself, in contrast to a personal-capacity suit, in which a plaintiff can seek a judgment against the official's personal assets. Furthermore, different legal theories of liability are required for the plaintiff, and different defenses are available to the defendant, in a personal-capacity action than in an official-capacity action. These differences indicate that a governmental official in his official capacity does not represent 'precisely the same legal right' as he does in his individual capacity.

personally participated in violating his rights, therefore, any individual capacity claims against them must be dismissed for failure to state a claim. Plaintiff will be granted leave to amend his complaint for the very limited purpose of stating individual capacity claims against defendants Macomber and Johnson.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED; and
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS RECOMMENDED that:

1. Plaintiff's individual capacity claims against CDCR Secretary Jeff Macomber and Folsom State Prison Warden Tracy Johnson be dismissed for failure to state a claim, with leave to amend within 30 days from the date of any order adopting these findings and recommendations; and
2. All other claims be dismissed, with prejudice, as barred by res judicata.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 25, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE